UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 11-10350- |
| | ) | |
| | ) | VIOLATIONS: |
| vs. | ) | |
| | ) | 2 U.S.C. § 441f |
| | ) | (Campaign Contributions |
| ARTHUR WINN | ) | Through Conduits) |
| Defendant | ) | |
| | ) | |

**INFORMATION**

The United States Attorney charges:

At all times material to this Information, unless otherwise noted:

1. Defendant Arthur Winn ("Winn" or "Defendant") is a resident of Chestnut Hill and Nantucket, Massachusetts. Arthur Winn served as the founder and managing principal of the WinnCompanies, a company that was engaged in the business of developing, acquiring, and managing real estate, including publicly financed housing developments in Massachusetts and elsewhere. Winn also served in a senior management role at Winn Columbus Center, Limited Partnership ("Winn Columbus Center LP"), a partnership in the business of developing a mixed-use housing complex in Boston called Columbus Center

2. Winn actively solicited campaign contributions from various individuals for elected candidates for federal, state,

and local office. Winn also made his own contributions to elected candidates for federal, state, and local office. Winn solicited and made these contributions, in part, with the hope that these elected officials would be generally inclined to support the WinnCompanies projects, including Winn Columbus Center LP's development of Columbus Center.

### *The Federal Election Statutory Regime*

3. The Federal Election Campaign Act ("FECA"), 2 U.S.C. § 431 *et seq.*, set, among other limitations and prohibitions:

>    a. Annual limits on the amount of money that persons could contribute in federal elections, and a prohibition on persons making contributions that exceed those limits; and,
>
>    b. A prohibition on persons making contributions in the names of other persons ("conduits").

4. According to the terms of FECA, any contribution that was made through an intermediary or conduit was considered a contribution from the person providing the money to the intermediary or conduit.

5. On various dates, both known and unknown to the United States Attorney, defendant Winn agreed to, and in fact did, reimburse numerous individuals (principally family members) for campaign contributions to candidates, including some candidates who Winn believed would generally advance the interests of the WinnCompanies and Winn Columbus Center LP's efforts to develop Columbus Center. In so doing, Winn concealed the true source of

these contributions from the FEC and similar authorities, and, in some cases, avoided the statutory annual limits on the amounts that persons could contribute to candidates for elected office. This conduct commenced at least as early as 2001 and continued through at least 2008.

6. While Winn sought to conceal the true source of these contributions from the FEC and other similar authorities, he took other actions to make clear to the candidates that he was responsible for raising these funds, including (i) bundling all of the contributions collected and personally delivering these contributions to the candidates, and (ii) making statements to the candidates about how much he would, or did, raise.

7. The above-described conduct included over $33,000 in conduit contributions to the following federal candidates:

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 01/04/2002 | Jane Doe 3 | $250 | Friends of Schumer |
| 01/04/2002 | Jane Doe 3 | $250 | Friends of Schumer |
| 06/09/2002 | Jane Doe 2 | $1000 | Bob Smith For US Senate |
| 06/09/2002 | Jane Doe 1 | $1000 | Bob Smith For US Senate |
| 06/09/2002 | John Doe 1 | $1000 | Robert Smith For US Senate |
| 08/07/2002 | Jane Doe 1 | $1000 | Friends of Schumer |

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 08/07/2002 | John Doe 1 | $1000 | Friends of Schumer |
| 12/16/2002 | Jane Doe 1 | $500 | Brian A. Joyce for Congress Committee |
| 12/16/2002 | John Doe 1 | $500 | Brian A. Joyce for Congress Committee |
| 06/19/2003 | Jane Doe 1 | $2000 | John A. Kerry for President Inc. |
| 06/19/2003 | John Doe 1 | $2000 | John A. Kerry for President Inc. |
| 10/24/2003 | Jane Doe 1 | $2700 | Mass Republican State Congressional Committee |
| 02/06/2004 | Jane Doe 3 | $2000 | John Kerry for President Inc |
| 02/06/2004 | John Doe 2 | $2000 | John Kerry for President Inc |
| 02/06/2004 | Jane Doe 2 | $2000 | John Kerry for President Inc |
| 06/01/2004 | Jane Doe 2 | $1000 | The Markey Committee |
| 06/01/2004 | Jane Doe 1 | $1000 | The Markey Committee |
| 06/01/2004 | John Doe 1 | $1000 | The Markey Committee |

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 06/02/2004 | Jane Doe 3 | $1000 | The Markey Committee |
| 06/02/2004 | John Doe 2 | $1000 | The Markey Committee |
| 08/25/2004 | Jane Doe 1 | $1000 | Martin Meehan for Congress Committee |
| 04/14/2005 | Jane Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |
| 04/14/2005 | John Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |
| 04/14/2005 | Jane Doe 2 | $500 | Stephen F. Lynch for Congress Committee |
| 09/19/2005 | Jane Doe 1 | $500 | Jeb Bradley for Congress Committee |
| 09/19/2005 | John Doe 1 | $500 | Jeb Bradley for Congress Committee |
| 03/31/2006 | Jane Doe 1 | $500 | Stephen F. Lynch for Congress Committee |
| 03/31/2006 | John Doe 1 | $500 | Stephen F. Lynch for Congress Committee |
| 03/31/2006 | Jane Doe 2 | $500 | Stephen F. Lynch for Congress Committee |

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 11/02/2006 | John Doe 1 | $500 | Capuano for Congress Committee |
| 11/02/2006 | Jane Doe 1 | $500 | Capuano for Congress Committee |
| 03/31/2007 | Jane Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |
| 03/31/2007 | John Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |

8.   The Defendant's conduct also included numerous conduit contributions to state and local candidates.  This includes over $28,000 in reimbursed contributions to such candidates from 2002 through 2008.

## COUNT ONE
### (Campaign Contribution in the Name of Another)
### (2 U.S.C. § 441f)

9.  The United States Attorney re-alleges and incorporates by reference paragraphs One through Eight of this Information and further charges that:

10.  On or about the dates and in the amounts set forth herein, in the District of Massachusetts and elsewhere, the defendant

**ARTHUR WINN**,

did knowingly and willfully make or cause to be made campaign contributions in violation of the prohibition against contributions made in the names of others, contained in the Federal Election Campaign Act, said contributions aggregating $2000 or more during calender year 2006; to wit the defendant **ARTHUR WINN**, did knowingly and willfully cause illegal conduit contributions to be made to the federal candidates listed below in the names of the persons and amounts and dates listed:

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 03/31/2006 | Jane Doe 1 | $500 | Stephen F. Lynch for Congress Committee |
| 11/02/2006 | John Doe 1 | $500 | Capuano for Congress Committee |
| 11/02/2006 | Jane Doe 1 | $500 | Capuano for Congress Committee |
| 03/31/2006 | John Doe 1 | $500 | Stephen F. Lynch for Congress Committee |
| 03/31/2006 | Jane Doe 2 | $500 | Stephen F. Lynch for Congress Committee |

All in violation of 2 U.S.C. §§ 441f and 437g(d)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT TWO
## (Campaign Contribution in the Name of Another)
## (2 U.S.C. § 441f)

11. The United States Attorney re-alleges and incorporates by reference paragraphs One through Eight of this Information and further charges that:

12. On or about the dates and in the amounts set forth herein, in the District of Massachusetts and elsewhere, the defendant

**ARTHUR WINN,**

did knowingly and willfully make or cause to be made campaign contributions in violation of the prohibition against contributions made in the names of others, contained in the Federal Election Campaign Act, said contributions aggregating $2000 or more during calender year 2007; to wit the defendant **ARTHUR WINN**, did knowingly and willfully cause illegal conduit contributions to be made to the federal candidates listed below in the names of the persons and amounts and dates listed:

9

| Date of Contribution | Conduit | Amount | Political Committee |
|---|---|---|---|
| 03/31/2007 | Jane Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |
| 03/31/2007 | John Doe 1 | $1000 | Stephen F. Lynch for Congress Committee |

All in violation of 2 U.S.C. §§ 441f and 437g(d)(1)(A)(ii) and 18 U.S.C. § 2.

Respectfully Submitted,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES R. DOWDEN
Assistant U.S. Attorney

DATE: 10/28/11

10