

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 20, 2011

Tracy A. Miner, Esq.
R. Robert Popeo, Esq.
Mintz, Levin, Cohen,
 Ferris, Glovsky, and Popeo PC
One Financial Center
Boston, MA  02111

Re:     U.S. v. Arthur Winn

Dear Counsel:

        This letter sets forth the Agreement between the United States
Attorney for the District of Massachusetts ("the U.S. Attorney") and
your client, Arthur Winn ("Defendant"), in the above-referenced
case.  The Agreement is as follows:

1.   Change of Plea

        At the earliest practicable date, but in no event later than
October 31, 2011, Defendant shall plead guilty to the Information
attached to this Agreement charging him with making campaign
contributions in the name of another person in violation of the 2
U.S.C. §§ 441f and 437g(d)(1)(A)(ii).  Defendant expressly and
unequivocally admits that he committed the crimes charged in the
Information, did so knowingly and willfully, and is in fact guilty
of those offenses.

2.   Penalties

        Defendant faces the following maximum penalties on each count
of the Information:

                (a)   One year imprisonment;
                (b)   One year supervised release;

2.23.11

      (c)    A fine of not more than $100,000;

      (d)    $25 mandatory special assessment.

### 3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

    (a)    The parties agree with respect to the application of the United States Sentencing Guidelines that

        (i)    The United States Sentencing Manual in effect as of November 1, 2010 should be used in determining Defendant's sentence.

        (ii)    USSG §2 C1.8(a) applies to the offense conduct, and the total offense level is eight (8) before acceptance of responsibility.

    (b)    The United States Attorney reserves the right to argue that all reimbursed federal, state and local campaign contributions outlined in Exhibits A, B and C in this Agreement are relevant for the purposes of 18 U.S.C. § 3553(a).

    (c)    Defendant admits that he reimbursed all of the federal, state, and local campaign contributions outlined in Exhibits A and B to this Agreement, but reserves the right to argue that the reimbursed state and local campaign contributions in Exhibit B should not be considered for the purposes of 18 U.S.C. § 3553(a). He further reserves the right to argue that the contributions outlined in Exhibit C were not reimbursed.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request,

2

execute all releases and other documentation necessary to permit
the U.S. Attorney and her experts (including medical personnel of
the Bureau of Prisons) to obtain access to Defendant's medical,
psychiatric, and psychotherapeutic records and will also provide to
the U.S. Attorney forthwith copies of any such records already in
his possession.   In addition, Defendant will authorize his care
providers to discuss his condition with the U.S. Attorney and her
agents (including medical personnel of the Bureau of Prisons), as
well as experts retained by the U.S. Attorney.   Defendant also
agrees to submit to examinations and interviews with experts
retained by and chosen by the U.S. Attorney (including medical
personnel of the Bureau of Prisons).

        The U.S. Attorney reserves the right to oppose Defendant's
argument(s) for a departure or a sentence outside the Guidelines
under the factors set forth in 18 U.S.C. § 3553(a).

        Based   on   Defendant's   prompt   acceptance   of   personal
responsibility for the offense(s) of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two levels
Defendant's Adjusted Offense Level under USSG § 3E1.1.

        The U.S. Attorney specifically reserves the right not to
recommend a reduction under USSG §3E1.1 if, at any time between
Defendant's execution of this Agreement and sentencing Defendant:

                (a)   Fails to admit a complete factual basis for the
                      plea;

                (b)   Fails to truthfully admit his conduct in the
                      offenses of conviction;

                (c)   Falsely denies, or frivolously contests, relevant
                      conduct for which Defendant is accountable under
                      USSG § 1B1.3;

                (d)   Fails to provide truthful information about his
                      financial status;

                (e)   Gives   false   or   misleading   testimony   in   any
                      proceeding relating to the criminal conduct charged
                      in this case and any relevant conduct for which
                      Defendant is accountable under USSG § 1B1.3;

                (f)   Engages in acts which form a basis for finding that
                      Defendant   has   obstructed   or   impeded   the
                      administration of justice under USSG § 3C1.1;

3

> (g)  Intentionally fails to appear in Court or violates any condition of release;
>
> (h)  Commits a crime;
>
> (i)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.   Sentence Recommendation

The U.S. Attorney reserves the right to recommend the following sentence before the Court:

> (a)  a sentence within the Sentencing Guideline range as calculated by the Court at the time of sentencing;
>
> (b)  a fine of no more than $200,000;
>
> (c)  mandatory special assessment in the amount of $50.

The parties agree that they will provide each other with expert reports, motions, memoranda of law and documentation of any kind on which they intend to rely at sentencing not later than fourteen days before sentencing.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Waiver of Rights to Appeal and to Bring Collateral Challenge.

> (a)  Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any

4

2.23.11

orders relating to supervised release and/or fines) on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241 or 18 U.S.C. § 3582(c), that his conviction should be set aside or his sentence (including any orders relating to supervised release and/or fines) set aside or reduced.

(b) Defendant waives any right he has to challenge his conviction on direct appeal or in a collateral challenge.

(c) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

7.   Other Post-sentence Events

(a) In the event that Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

(b) If Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime.   Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

(c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

5

## 8.   Court No; Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties.  In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

## 9.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

## 10.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

## 11.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should

6                                                      2.23.11

he breach any provision of this Agreement, the U.S. Attorney will
have the right to use against Defendant before any grand jury, at
any trial or hearing, or for sentencing purposes, any statements
which may be made by Defendant, and any information, materials,
documents or objects which may be provided by Defendant to the
government subsequent to this Agreement, without any limitation.
In this regard, Defendant hereby waives any defense to any charges
which Defendant might otherwise have based upon any statute of
limitations, the constitutional protection against pre-indictment
delay, or the Speedy Trial Act.

### 12.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

### 13.   Complete Agreement

This letter contains the complete agreement between the
parties relating to the disposition of this case.  No promises,
representations or agreements have been made other than those set
forth   in   this   letter.   This   Agreement   supersedes   prior
understandings, if any, of the parties, whether written or oral.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.   Please also sign below as
Witness.   Return the original of this letter to Assistant U.S.
Attorney James P. Dowden.

                              Very truly yours,

                              CARMEN M. ORTIZ
                              United States Attorney

                              By
                                 JAMES F. LANG,
                                 Chief, Criminal Division
                                 JOHN T. McNEIL
                                 Deputy Chief, Criminal Division

2.23.11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

ARTHUR WINN
Defendant

Date: 10/24/11

I certify that Arthur Winn has read this Agreement and that I have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

TRACY A. MINER, ESQ.
R. ROBERT POPEO, ESQ.
Counsel for Defendant

Date: 10/28/11

9